John M. Morrison
MORRISON, MOTL & SHERWOOD
401 N. Last Chance Gulch
Helena, MT  59601
(406) 442-3261
(406) 443-7294 (fax)

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| GOTHAM INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>ALLEGIANCE BENEFIT PLAN MANAGAMENT, INC.,<br><br>Defendant. | Cause No. 11-cv-00039-DWM<br><br>**ANSWER AND COUNTERCLAIM** |

COMES NOW Defendant Allegiance Benefit Plan Management, Inc. (Allegiance) and answers the complaint of Plaintiff Gotham Insurance Company (Gotham) as follows.

### AFFIRMATIVE DEFENSES

1.   Gotham fails to state a claim for which relief can be granted and the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

1

2. Allegiance reported the claim against it in the case styled *Gendron v. Allegiance Benefit Plan Management, Inc.*, Cause No. DV-09-953B, as required under the insurance policy to Gotham's agents Mutual Marine Office, Inc. (Mutual Marine) and/or David Wash (Wash). Gotham authorized Mutual Marine, by and through Wash, to act as its representative and managing general agent, and to accept service of suit on its behalf. (Doc. 1-1, pp. 19, 26). Mutual Marine and/or Wash were acting as actual agents of Gotham at all times pertinent to Gotham's instant claims by virtue of the express terms of the policy. Allegiance reported the *Gendron* claim to Gotham, through its agents, both orally and in writing in a manner that substantially complies with the notice requirements under the insurance policy. Allegiance first orally reported the claim in the *Gendron* action to Mutual Marine and Wash in December 2009, and then reported the claim to Wash and/or Mutual Marine in writing and orally on numerous occasions after the first reporting in December 2009. Both oral and written forms of reporting are expressly contemplated by the policy. (Doc. 1-1, pg. 27). Notice of claim was therefore reported to Gotham's agents and is imputed to Gotham under the law of agency. The claim reported to Gotham by Allegiance is covered under the terms of the insurance policy. Therefore, there is potential and/or actual coverage under the policy and Gotham has a duty to defend or indemnify Allegiance in the *Gendron* action.

2

3. Wash and Mutual Marine procured an errors and omissions professional liability policy for Allegiance through Gotham. By this act, Wash and/or Mutual Marine became agents of Gotham under Montana law. Allegiance first orally reported the claim against it to Gotham's agents in December 2009, and subsequently reported the claim to Wash and/or Mutual Marine in writing and orally on numerous occasions after the first reporting in December 2009. Both oral and written forms of reporting are expressly contemplated by the policy. (Doc. 1-1, pg. 27). The form of notice provided by Allegiance to Gotham, through Gotham's agents, substantially complies with the notice requirements of the insurance policy. Notice of claim reported to Gotham's agents is imputed to Gotham under the law of agency. The claim reported to Gotham by Allegiance is covered under the terms of the insurance policy. Therefore, there is potential and/or actual coverage under the policy and Gotham has a duty to defend or indemnify Allegiance in the *Gendron* action.

4. Gotham, by its representations, words, acts, and conduct, clothed Mutual Marine and/or Wash with ostensible authority. Based on the representations, words, acts, and conduct or Gotham, Allegiance believed that Mutual Marine and/or Wash were Gotham's agents, and Allegiance's belief was reasonable. Allegiance first orally reported the claim against it to Gotham's agents in December 2009, and subsequently reported the claim to Wash and/or Mutual

3

Marine in writing and orally on numerous occasions after the first reporting in December 2009. Both oral and written forms of reporting are expressly contemplated by the policy. (Doc. 1-1, pg. 27). Notice of claim reported to Gotham's agents is imputed to Gotham under the law of agency. The claim reported to Gotham by Allegiance is covered under the terms of the insurance policy. Therefore, there is potential and/or actual coverage under the policy and Gotham has a duty to defend or indemnify Allegiance in the *Gendron* action.

5. Gotham has failed to demonstrate that the actions and conduct of Allegiance have caused it prejudice; consequently, Gotham is not excused from its duty to defend and indemnify Allegiance under the terms of the policy. Therefore, Gotham is required to indemnify and defend Allegiance in the *Gendron* action.

6. Allegiance had a good faith and reasonable belief that it would not be held liable for the claim in the *Gendron* case because it believed the claim was frivolous and would be dismissed. Any alleged delay in reporting the claim in the *Gendron* action by Allegiance cannot form a basis upon which Gotham could be excused from its duty to defend and indemnify Allegiance under the terms of the policy. Gotham is therefore required to indemnify and defend Allegiance in the *Gendron* action.

7.     Gotham's action is barred by the doctrine of equitable estoppel, based on the conduct, representations, and actions of its agents Wash and/or Mutual Marine.

8.     Gotham's action is barred by the doctrines of waiver and laches, as the notice of claim provided to Gotham's agents, Wash and/or Mutual Marine, by Allegiance was not deficient and properly imputed to Gotham.  By failing to timely assert it rights prior to the instant suit, Gotham is barred under waiver and laches from asserting its instant claim against Allegiance.

## ANSWER

9.     Allegiance admits a lawsuit was filed against it on October 5, 2009. Allegiance denies the remaining allegations in paragraph 1.

10.    Allegiance admits the allegations in paragraphs 2, 3, 4, 5, 6 and 7.

11.    Allegiance admits that the excerpts of the insurance policy in paragraph 8, 9, 10 and 11 are accurately quoted.  The remaining allegations in paragraphs 8, 9, 10, and 11, are legal conclusions concerning Gotham's interpretation of the policy and its responsibility to provide coverage in this case and are denied.

12.    Allegiance admits that it renewed the 2009-2010 policy with Gotham as stated in paragraph 12 and that a correct copy of the renewed 2010-11 policy is attached as Exhibit B to Gotham's complaint.  Allegiance admits that the excerpts

5

of the 2009-2010 policy quoted in paragraphs 8, 9, 10, and 11 of Gotham's complaint are the same as the correlative paragraphs in the 2010-2011 policy. As to Gotham's contention that the policies have "essentially the same terms," Allegiance lacks knowledge or information sufficient to form a belief on this point since Gotham has not otherwise specified the basis for this contention. Furthermore, Allegiance lacks knowledge or information sufficient to form a belief about the basis of Gotham's reliance on any representations when it issued the policies as stated in paragraph 12.

13.    Allegiance admits that a lawsuit was filed against it as stated in paragraph 13 of Gotham's complaint in *Gendron v. Allegiance Benefit Plan Management, Inc.*, Cause No. DV-09-953B, and that the allegations in the underlying complaint in *Gendron* are accurately stated therein.

14.    Allegiance admits that paragraphs 14, 15, and 16 of Gotham's complaint accurately state the allegations in the underlying complaint in *Gendron*.

15.    The allegations in paragraphs 17 and 18 of Gotham's complaint are legal conclusions concerning Gotham's interpretation of the policy and its responsibility to provide coverage in this case and are therefore denied. Allegiance affirmatively responds that it has substantially complied with any and all material notice requirements under the policy.

16. Allegiance admits that it filed an answer in the *Gendron* action and that it engaged in discovery in that case as alleged in paragraph 19, and did so at its expense. Allegiance denies that it failed to notify Gotham. Allegiance affirmatively responds that it has substantially complied with any and all material notice requirements under the policy. Furthermore, paragraph 19 contains legal conclusions concerning Gotham's interpretation of the policy that are denied.

17. As stated in paragraph 20, Allegiance admits that it sent Gotham a letter on December 14, 2010, the contents of which speak for itself.

18. Gotham's contentions in paragraph 21 that are legal conclusions are denied. Allegiance admits that Gotham provided it with a coverage determination with respect to the *Gendron* action on the date indicated in paragraph 21, the contents of which speak for itself.

19. Allegiance admits that it filled out and submitted an application to renew the 2009-2010 policy with Gotham in the manner indicated in paragraph 22 and that the policy speaks for itself. The remaining allegations of paragraph 22 state legal conclusions concerning alleged deficiencies in the notice provided by Allegiance and are denied. Allegiance affirmatively responds that it has substantially complied with any and all material notice requirements under the policy.

20. Paragraph 23 does not require a response.

21. Allegiance admits that paragraphs 24 and 25 accurately reflect the contentions of Allegiance and Gotham in this matter.

22. Paragraph 26 is a legal conclusion that is denied.

## PRAYER FOR RELIEF

Wherefore, Defendant prays for an order dismissing Plaintiff's complaint with prejudice at Plaintiff's cost, and that Defendant be granted such other relief to which it may be entitled.

## COUNTER CLAIM

Pursuant to Fed. R. Civ. P. 13(a), Allegiance hereby asserts the following Counterclaims against Gotham.

### COUNT I - DECLARATORY RELIEF (GOTHAM'S DUTY TO DEFEND AND INDEMNIFY ALLEGIANCE)

23. The allegations, admissions, and denials in paragraphs 1-22 are reincorporated as set forth in full hereunder.

24. A dispute and actual controversy has arisen and now exists between Allegiance and Gotham concerning their respective rights and duties under the Policies. Allegiance contends that Gotham is obligated to defend and indemnify the *Gendron* action, and Gotham denies the same.

25. Allegiance desires a judicial declaration of its rights under the Policies with respect to the *Gendron* action and seeks a declaration that Gotham has a duty to defend and indemnify Allegiance in that litigation. Allegiance further seeks a declaration that it is entitled to recoup from Gotham all fees and costs that Allegiance pays or has paid in the *Gendron* action under the terms of the policy.

26. Pursuant to the Uniform Declaratory Judgments Act, § 27-8-201, MCA, and 28 U.S.C. § 2201, a judicial declaration is necessary and appropriate at this time under the circumstances in order that Allegiance may ascertain its rights and duties under the policies as related to the pending *Gendron* action.

**COUNT II-DECLARATORY RELIEF (ALLEGIANCE'S ENTITLEMENT TO ATTORNEY FEES)**

27. The allegations, admissions, and denials in paragraphs 1-26 are re-incorporated as set forth in full hereunder.

28. In defending against this declaratory judgment action Allegiance contends that it has been forced by Gotham to assume the burden of legal action in order to obtain the full benefit of its insurance contract with Gotham.

29. Under Montana law, an insured is entitled to an award of attorney fees against its insurer when it is forced to assume the burden of legal action in order to obtain the full benefit of its insurance contract with the insurer. *Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, 2003 MT 98, ¶ 36, 315 Mont. 231, 69 P.3d 652.

30. Allegiance desires a judicial declaration that Gotham has forced Allegiance to assume the burden of legal action in order to obtain the full benefit of its insurance contract with Gotham, and that Allegiance is thereby entitled to an award of attorney fees from Gotham based on Allegiance's defense and prosecution of the instant suit.

31.     Pursuant to the Uniform Declaratory Judgments Act, § 27-8-201, MCA, and 28 U.S.C. § 2201, a judicial declaration is necessary and appropriate at this time under the circumstances in order that Allegiance may ascertain its rights and duties on this point of law.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the following relief:

1.      That Plaintiff's complaint be dismissed and Plaintiff take nothing by its complaint;

2.      A declaration pursuant to the Uniform Declaratory Judgments Act, § 27-8-201, MCA, and 28 U.S.C. § 2201, that Gotham has a duty to defend and indemnify Allegiance in *Gendron* litigation.  Allegiance further seeks a declaration that it is entitled to recoup from Gotham all fees and costs that Allegiance pays or has paid in the *Gendron* action pursuant to the terms of the policy;

3.      A declaration pursuant to the Uniform Declaratory Judgments Act, § 27-8-201, MCA, and 28 U.S.C. § 2201, that that Gotham has forced Allegiance to assume the burden of legal action in order to obtain the full benefit of its insurance contract with Gotham, and that Allegiance is thereby entitled to an award of attorney fees from Gotham based on its defense and prosecution of the instant suit;

4.      That Defendant be awarded its costs, expenses and attorney's fees incurred herein; and

5.  For such other and further relief as the Court may deem just and proper.

DATED this 4th day of April, 2011.

>By: /s/ John M. Morrison
>John M. Morrison
>Morrison, Motl & Sherwood, P.L.L.P.
>*Attorneys for Plaintiff*