IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| GOTHAM INSURANCE COMPANY, | ) | CV 11-39-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ALLEGIANCE BENEFIT PLAN | ) | |
| MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALLEGIANCE BENEFIT PLAN | ) | |
| MANAGEMENT, INC., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID WASH, MUTUAL MARINE | ) | |
| OFFICE, INC., and EXCEL | ) | |
| UNDERWRITERS ALLIANCE, INC., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

## I. Introduction

Counter-defendant Gotham Insurance Company moves the Court to dismiss

1

counter-claimant Allegiance Benefit Plan Management's second cause of action, which seeks a declaration that Gotham must pay Allegiance's attorneys' fees in the present case. Because Montana law recognizes an insured's right to recoup attorneys' fees incurred in a successful declaratory judgment against his insurer, the motion is denied.

## II. Factual Background

Insured-Allegiance entered into a year-long insurance agreement with insurer-Gotham in May of 2009. In October of that year, Allegiance was sued in <u>Gendron v. Allegiance Benefit Plan Management, Inc.</u>, Cause No. DV-09-953B (Mont. Dist. Ct. filed Oct. 5, 2009).

On December 14, 2010, Allegiance requested reimbursement for attorneys' fees incurred in defending <u>Gendron</u>. Gotham informed Allegiance that the policy did not cover the <u>Gendron</u> action, but agreed to defend Allegiance, subject to a reservation of the right to deny coverage, withdraw from the defense, and/or recover all amounts incurred and/or paid. <u>Id.</u> Gotham then filed this declaratory action, asking the Court to declare Gotham has no duty to defend or indemnify Allegiance.

Allegiance responded with a counterclaim seeking attorneys' fees in the event it prevails here.

# III. Analysis

"Montana follows the general American Rule that a party in a civil action is not entitled to attorney fees absent a specific contractual or statutory provision." Mountain W. Farm Bureau Mut. Ins. Co. v. Brewer, 69 P.3d 652, 655 (Mont. 2003). Under the "obligatory insurance exception," Montana case law recognizes courts may award attorneys' fees when "the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract . . . ." Riordan v. State Farm Mut. Auto. Ins. Co., 589 F.3d 999, 1006 (9th Cir. 2009) (quoting Brewer, 69 P.3d at 660). The exception only applies when the insured prevails. See Brewer, 69 P.3d at 654.

The language in the Montana Supreme Court's seminal "obligatory insurance exception" case shows this case falls under the exception. In Brewer, the court considered whether a third-party plaintiff may recoup her attorneys' fees after a successful declaratory action against her insurer. Id. at 655. The court held:

> It seems inherently inconsistent that courts universally afford attorney fees incurred to establish a contested duty to defend and yet, simultaneously, reject such an award incurred in coverage disputes brought to preserve or eviscerate the obligatory defense. . . . Accordingly, we hold that an insured is entitled to recover attorney fees, pursuant to the insurance exception to the American Rule, when the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract,

regardless of whether the insurer's duty to defend is at issue.

69 P.3d at 660.[1]  Gotham–in attempt to avoid paying the full benefits of its insurance contract–forced Allegiance to assume the burden of defending itself in court.  As such, <u>Brewer</u>'s holding applies.

Additionally, the principle underlying <u>Brewer</u> shows this case falls under the exception.  In reaching its holding, the court noted the consequences of denying an insured's attorneys' fees from declaratory judgments:

> [T]he insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above.

<u>Id.</u> at 657-58 (quoting 7C Appleman, <u>Insurance Law and Practice</u> § 4691 at 282-83 (1979)).  Similarly, if Allegiance successfully defends this action–but is not awarded its attorneys' fees–it would be no better off than if Gotham refused to indemnify in the first place.

The cases the <u>Brewer</u> court cited erase any doubt that the holding applies here.  In <u>Hegler v. Gulf Insurance Co.</u>, 270 S.C. 548 (1978), an insurer agreed to defend its policyholder in a tort action, under a full reservation of rights.  <u>Brewer</u>,

---

[1]Subsequently, the court decided not to extend the exception to third-party beneficiaries, and denied granting fees to the insured on this ground. 69 P.3d at 661.

69 P.3d at 658. The insurer then filed for a declaratory judgment, to determine its obligations under the insured's policy. Id. The Brewer court noted "the untenable position" the insured found himself in, having "to employ independent counsel to defend against the denial of coverage to maintain [the insurer's] defense of the underlying tort claim." Id. The South Carolina court reversed and remanded, stating that "[t]here is no material difference in the legal effect between an outright refusal to defend and in undertaking the defense under a reservation of rights until a declaratory judgment is prosecuted." Id. (quoting Hegler, 270 S.C. at 444).

The Brewer court then examined "an issue virtually identical to that contemplated in Hegler," in Farm Bureau Mutual Insurance Co. v. Kurtenbach, 265 Kan. 465 (1998). Id. at 658. Kurtenbach held that "an insured may recover his or her attorney fees incurred in defending a declaratory judgment action when an insurer denies coverage and the duty to defend and a trial court determines that coverage exists." Id.

Despite Brewer's holding, Gotham insists that the present litigation does not fall under the obligatory insurance exception. First, Gotham claims that Brewer does not address the exact circumstances of this case. Rather, Gotham insists that the exception only applies when an insurer outright refuses to defend the insured or otherwise acts in bad faith. Doc. No. 14 at 12-13 (citing Iowa Mutual Ins. Co.

v. Davis, 689 F.Supp. 1028 (D. Mont. 1988)). Contrary to this rule, Gotham says it brought its claim in good faith because it was already defending Allegiance. Id. at 13.

This attempt to distinguish Brewer fails. Since the Montana Supreme Court decided Brewer in 2003, Davis no longer seems relevant.

There is some support for Gotham's contention in a more recent federal case. See Reply Br. Supp. Mot. to Dismiss Countercl. (Doc. No. 24) at 12 (citing United States Fid. & Guar. Co. v. Cont'l Ins. Co. (Soco West, Inc.), Nos. CV-04-29-BLG-RFC, CV-08-29-BLG-RFC, 2010 WL 4595790 (D. Mont. Nov. 5, 2010). Soco West was an "overly extended and complex lawsuit," between an insured-company and multiple insurers. Id. at 6. In one phase of the litigation, the district court, in response to the insured's request for attorneys' fees, stated that "there are no Montana cases awarding attorney fees to an insured whose insurers have agreed to pay all of the policyholder's defense costs and have in fact paid millions of dollars in defense costs." Id. at *6. Still, the court decided to wait until the jury portion of the trial to rule on the matter. Id.[2]

Soco West does not alter the viability of Brewer. Even if Soco West was in conflict with Brewer, Brewer would still be the authoritative decision. See Erie

---

[2]The case eventually settled.

R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

Gotham also claims that applying the insurance-exception in this case goes against Montana courts' instructions to insurance companies disputing coverage. It points to a number of Montana cases that have encouraged insurers–when disputing policy coverage–to do what it has: fully defend and indemnify the insured under a reservation of rights, then file a declaratory action. See, e.g., Farmers Union Mut. Ins. Co. v. Staples, 90 P.3d 381, 386 (Mont. 2004) (admonishing insurance company for not defending insured first, then filing a declaratory action).

While Montana courts do encourage insurers to take the exact steps Gotham has when disputing coverage, the insurance exception still applies here. The exception and the policy Gotham cites are not mutually exclusive. As Allegiance stated in its brief, "Gotham surely has the right to roll the dice and contest coverage in this case. However, if it 'guesses wrong'. . . then Gotham–not Allegiance–should be the party to bear the burden of the legal expenses incurred." Doc. No. 17 at 8 (citing Brewer, 69 P.3d at 660).

## IV. Conclusion

Brewer is the authoritative case on the "obligatory insurance exception" to the American rule. Gotham's motion to dismiss (dkt #13) counter-claimant

Allegiance's second cause of action is DENIED.

Dated this 9th day of August, 2011.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT